NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO RODARTE-GONZALEZ, | No. 14-71035 |
| Petitioner, | Agency No. A071-864-534 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2018**
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Gerardo Rodarte-Gonzalez ("Rodarte"), a native and citizen of Mexico, petitions for review of the denial of his motion to reopen his 1993 deportation order, which was reinstated in 1998 and again in 2013. Following the second reinstatement, Rodarte filed a motion to reopen "for the purpose of pursuing an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

application for Cancellation of Removal under the Violence Against Women Act."

An immigration judge ("IJ") denied the motion for lack of jurisdiction, and the

Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to hear Rodarte's petition, but

not to review his 1993 deportation order. *See* 8 U.S.C. § 1231(a)(5). We deny the

petition.

We review de novo the BIA's ruling when the decision turns on a question

of law. *See Miller v. Sessions*, 889 F.3d 998, 1001 (9th Cir. 2018). Where, as

here, the BIA's decision interpreting the Immigration and Nationality Act ("INA")

"is unpublished and issued by a single member of the BIA, it does not carry the

force of law, and is accorded only *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

deference proportional to its thoroughness, reasoning, consistency, and ability to

persuade." *Lezama-Garcia v. Holder*, 666 F.3d 518, 524–25 (9th Cir. 2011)

(internal quotation marks and citation omitted).[1] When "the BIA adopts the IJ's

decision and adds some of its own analysis, we review both decisions." *Ling*

---

[1] The Attorney General contends that the BIA's interpretation is entitled to "greater" deference because motions to reopen are "disfavored," as granting such motions "too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case" for relief. *See INS v. Abudu*, 485 U.S. 94, 110 (1988). But as our recent precedent makes clear, such "deference" does not apply to purely legal questions about whether the immigration court has jurisdiction to adjudicate a motion to reopen. *See Miller*, 889 F.3d at 1001.

2

*Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).[2]

The INA provides the following when it comes to reinstated removal orders:

If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and *is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.*

8 U.S.C. § 1231(a)(5) (emphasis added).

The regulations interpreting the INA provide:

An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. *The alien has no right to a hearing before an immigration judge in such circumstances.*

8 C.F.R. § 1241.8(a) (emphasis added).

In practice, this means that the statutory bar "applies to all illegal reentrants, explicitly insulates the removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006).[3] We have echoed that "an individual placed in

---

[2] The IJ and the BIA provided considered reasoning on the legal question at issue here. In this way, Rodarte's case contrasts with *Miller*, where "[t]he BIA's decision contain[ed] no reasoning of any substance on the issue we consider[ed] . . . , so there [wa]s nothing for us to defer to." 889 F.3d at 1001–02.

[3] INA regulations provide an exception to allow for withholding of removal. "If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall

3

reinstatement proceedings under § 1231(a)(5) cannot as a general rule challenge the validity of the prior removal order in the reinstatement proceeding itself." *Miller*, 889 F.3d at 1002.

By their plain terms, these prohibitions prevent the IJ from hearing Rodarte's motion to reopen. It is undisputed that Rodarte was twice "removed . . . under an order of removal," in November 1993 and July 1998. After his first removal, Rodarte "reentered the United States illegally" three times, in December 1993, sometime in 1996, and again in 2001. Hence, Rodarte's "prior order of removal is reinstated from its original date" of November 1993, the 1993 order "is not subject to being reopened or reviewed," and Rodarte "is not eligible and may not apply for" the relief that he seeks.

**PETITION DENIED.**

---

be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture . . . ." 8 C.F.R. § 1241.8(e). Rodarte's reasonable-fear proceeding remains pending and is not a part of this appeal.